IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GILBERT Githere, | ) | CIVIL NO.  06-00014 JMS/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| ALOHA STADIUM AUTHORITY, | ) | DISMISS |
| INC., STEPHEN LEE, Aloha Stadium | ) | |
| Authority Employee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants Aloha Stadium Authority's and

Stephen Lee's ("Defendants") motion to dismiss pursuant to Rule 12(b)(6).  The

Defendants contend that each of Plaintiff Gilbert Githere's claims is barred under

the doctrine of claim preclusion and by the relevant statute of limitations.  For the

reasons discussed herein, the Defendants' motion is GRANTED.

BACKGROUND

Githere's claims in this action are based on events that allegedly

occurred at the Aloha Stadium Swap Meet ("Swap Meet") on May 25, 2003.

Githere alleges that he has been a registered vendor at the Swap Meet for the past

ten years.  He contends that he is disabled and that he is registered with the City

and County of Honolulu as a person authorized to display a disabled parking placard in his vehicle.  At some point, according to Githere, the Aloha Stadium Authority began to allow stalls designated "handicapped parking stalls" to be rented to vendors who were not disabled.

On May 25, 2003, Githere contends that all of the handicapped parking stalls at the Swap Meet were sold to people who were not disabled and that Stephen Lee, an employee of the Aloha Stadium Authority, refused to allow Githere to park in a location that would accommodate his disability.  Githere claims that, after refusing to offer Githere reasonable parking, Lee had Githere's truck towed from the Swap Meet.  Githere alleges that his truck was towed because of his race and because he was disabled; according to Githere, a van parked next to his truck, owned by an Asian man who was not disabled, was not towed that day.  Githere contends that the Defendants engaged in unlawful discrimination based on race and disability in violation of state an federal law.

Githere commenced this lawsuit in the First Circuit Court of the State of Hawaii.  On December 19, 2005, Githere filed his First Amended Complaint in state court, laying out the allegations summarized above.  The Defendants removed this action to federal court on January 10, 2006.

2

The allegations contained in the First Amended Complaint are substantially identical to allegations Githere made in the earlier case of *Githere v. Consolidated Amusement, et. al.*, Civ. No. 04-00116 DAE/LEK (hereinafter, "*Consolidated Amusement*").  In his Second Amended Complaint in *Consolidated Amusement*, Githere alleged discrimination based on his race and disability.  His claims centered around the Swap Meet at Aloha Stadium and, specifically, the incident on May 25, 2003 when his truck was allegedly towed.  In fact, the only difference between the Second Amended Complaint in *Consolidated Amusement* and the First Amended Complaint in this action is that, in this action, Githere has omitted some of the defendants named in *Consolidated Amusement* as well as some of the allegations pertaining specifically to those defendants.  Nonetheless, each factual allegation and legal claim contained in the First Amended Complaint in this action was advanced in Githere's Second Amended Complaint in *Consolidated Amusement*.  Moreover, the Defendants in this action, Aloha Stadium Authority and Stephen Lee, were named as defendants in *Consolidated Amusement.*

Githere initiated the *Consolidated Amusement* case in 2004.  Githere was given two opportunities to amend his complaint before Judge David Alan Ezra granted Aloha Stadium Authority's and Stephen Lee's Rule 12(b)(6) motion

to dismiss the Second Amended Complaint for failure to state a claim upon which

relief can be granted on July 26, 2005.  Githere then commenced the instant action

against the Defendants shortly thereafter.

The court heard arguments in this matter on April 10, 2006.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a

motion to dismiss a claim for "failure to state a claim upon which relief can be

granted[.]"  Fed.R.Civ.P. 12(b)(6).  When reviewing a motion to dismiss for

failure to state a claim upon which relief can be granted, a court takes the factual

allegations in the complaint as true and construes them in the light most favorable

to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

"Conclusory allegations of law however, are insufficient to defeat a motion to

dismiss."  *Id.*  Under Rule 12(b)(6), a complaint should not be dismissed "'unless

it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'"  *Balistreri v. Pacifica Police Dept.,* 901

F.2d 696, 699 (9th Cir. 1988) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)).  "Dismissal can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory."  *Id.*  A motion

to dismiss may also be granted if an affirmative defense or other bar to relief is

4

apparent from the face of the complaint, such as res judicata.  *Scott v. Kuhlmann*,

746 F.2d 1377, 1378 (9th Cir.1984).

## ANALYSIS

Res Judicata, or claim preclusion, "applies when there is: '(1) an

identity of claims; (2) a final judgment on the merits; and (3) identity or privity

between parties.'"  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)

(quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.

2001)).

In the instant case, it is undisputed that Githere's claims are identical

to the claims he brought in *Consolidated Amusement*.  Both actions allege

discrimination based on race and disability and rely on identical factual allegations

regarding events that took place at the Swap Meet on May 25, 2003.  During the

April 10, 2006 hearing, counsel for Mr. Githere admitted that the claims brought

in *Consolidated Amusement* are identical to the claims in the instant case.

Moreover, Judge Ezra entered a final judgment on the merits in

*Consolidated Amusement*.  In his Opposition to Defendants' Motion to Dismiss,

Githere contends that his claims in *Consolidated Amusement* were dismissed based

on the Eleventh Amendment and, therefore, he should be allowed to pursue this

action in state court.  Judge Ezra's order does not, however, address Eleventh

5

Amendment immunity.  Rather, Judge Ezra gave Githere two opportunities to amend his complaint to state a claim for discrimination.  After reviewing the Second Amended Complaint, Judge Ezra dismissed Githere's claims against the Defendants for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Such a dismissal is a "'judgment on the merits'" for purposes of determining whether res judicata applies.  *Stewart,* 297 F.3d at 957 (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394 (1981)).

The court notes that Githere has appealed Judge Ezra's decision in *Consolidated Amusement* and that this appeal is currently pending before the Ninth Circuit.  This fact does not, however, alter the finality of Judge Ezra's decision; as a matter of federal law, res judicata applies even if an appeal of the relevant judgment is pending when a case is filed.  *State of California Dept. of Social Services v. Thompson*, 321 F.3d 835, 846 (9th Cir. 2003).

Finally, the Defendants in this action were also named as defendants in Githere's *Consolidated Amusement* case; there is an identity of parties in the two actions.  Thus, the doctrine of res judicata bars Githere from re-litigating his claims against the Defendants.

The Defendants also argue that Githere's claims are barred by the statute of limitations.  While Githere's claims do appear to be barred by the statute

of limitations, it is unnecessary for the court to reach this issue as Githere's claims are clearly barred by res judicata.

## CONCLUSION

For the reasons discussed herein, the Defendants' motion to dismiss is GRANTED.  As this order disposes of all outstanding matters in this case, the clerk of the court is instructed to enter judgment in favor of the Defendants and close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 10, 2006.



J. Michael Seabright
United States District Judge

*Githere v. Aloha Stadium Authority, et. al.*, Civ. No.  06-00014 JMS/BMK, Order Granting Defendants' Motion to Dismiss.